**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

JOSEPH PURANDA,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　Civil Action No.  3:10cv336–HEH
　　　　　　　　　　　　　　　　　)
G. KELLETT, *et al.*,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)

## MEMORANDUM OPINION
### (Granting Defendants' Motion to Dismiss)

Joseph Puranda, a Virginia inmate proceeding *pro se* and *in forma pauperis,* filed

this 42 U.S.C. § 1983 action. The action is proceeding on Puranda's complaint (Dk.

No. 1), wherein he alleges that, *inter alia,* his rights under the Eighth Amendment[1] were

violated by Defendants G. Kellett and Richard Gosneg ("Defendants") when Defendants

failed to promptly provide Puranda with shower shoes.[2] This matter is before the Court

on a Motion to Dismiss (Dk. No. 49). Puranda has responded. The matter is ripe for

judgment.

## I. STANDARD OF REVIEW FOR MOTION TO DISMISS

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and
unusual punishments inflicted." U.S. Const. amend. VIII.

[2] Puranda was, at the time of this incident, confined at the Lawrenceville Correctional
Center ("LCC"). Defendant Kellett was the unit manager at LCC and Defendant Gosneg was an
investigator at LCC.

the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952

(4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim,

a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the

light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134

(4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement

of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)

(second alteration in original). Courts long have cited the "rule that a complaint should

not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her]

to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted

that the complaint need not assert "detailed factual allegations," but must contain "more

than labels and conclusions" or a "formulaic recitation of the elements of a cause of

action." 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be

enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one

that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* Therefore, in

order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff

must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I.*

*DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v.*

2

*Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d

270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints,

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's

advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to

clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th

Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278

(4th Cir. 1985).

## II. SUMMARY OF ALLEGATIONS

On July 24, 2009, Puranda moved into the segregation unit at LCC. (Compl. 5.)

LCC officials placed Puranda's personal property, including his shower shoes, into a

closet located in Defendant Gosneg's office. (Br. Supp. Compl. 1.) Puranda requested

that his shower shoes be returned to him by informal complaint on July 29, 2009 and by

regular grievance on August 7, 2009. (*Id.* at 1, Exs. A, B.) On August 5, 2009, in

response to his informal complaint, Defendant Kellett wrote to Puranda that his "property

[would] be issued to [him] when the Investigator [Gosneg] has completed his inspection

of it." (*Id.* at Ex. A (capitalization corrected).) Puranda's shower shoes were not

returned to him until approximately August 10, 2009, eighteen days after he had been

placed in segregation. (*Id.* at 2.) On August 31, 2009, Puranda received the following

response to his regular grievance.

> An investigation into your complaint indicates that [prison rules] state[] that
> if an offender is assigned to . . . Segregation or other special housing, only
> personal property specified in the appropriate section of Authorized
> Property for Isolation, Segregation, and Detention [is allowed]. After
> consolation [sic] with Unit Manager Kellett . . . [it was] found that your

3

property was issued to you at the completion of the investigation. During the investigation, your property was stored to ensure that no items were lost. During the time that you did not have access to your personal hygiene items, Mr. Kellett made sure that you had other hygiene items to use.

(*Id.* at Ex. C (emphasis omitted).)[3]

Puranda asserts that the denial of shower shoes led to his "expose[ure] to repeated inhumane conditions in order to shower durinng [sic] an (18 day), period." (*Id.* at 2 (spacing corrected).) "[Defendants] knowing that [Puranda] would be within a commercial shower where other bodily fluids would be in direct contact with [Puranda], Officials escorted [Puranda] to the contagious diseased area of the institutional commercial shower without foot protection repeatitive [sic] times over an (18 day), Period. (*Id.* (spacing corrected).)

Puranda maintains that showering barefoot in the segregation shower caused his "feet [to break] out in water blisters and bloody craked [sic] areas, [Puranda] filed a medical sick-call at [LCC] prior to being transfered [sic] and it was never answered or any medical treatment applied to [Puranda's] medical issues." (*Id.* at 3.) "[Puranda] suffered pain and extreme discomfort from the infected areas on his feet. The contagiious [sic] areas of the segregation shower clearly caused [Puranda's] pain and suffering." (*Id.*) Puranda claims that he was "in extreme physical and mental anguish while his feet got extremely infected by bacteria and fungus, while barefoot within ssegregation [sic] shower numerous times." (*Id.* at 4.) However, "[o]nce [Puranda]

---

[3] The Court notes that, while he admits that he was given toothpaste by Kellett, Puranda denies that Kellett gave him shower shoes until eighteen days after he had been placed in segregation.

4

arrived at Sussex I State Prison, he filed a medical request, and was seen too late for the entire infected areas to be noticed as in full blown condition."[4]  (*Id.* at 3.)

Based on the foregoing allegations, Puranda makes the following claims for relief:

| Claim 1 | By denying Puranda shower shoes, Defendants violated Puranda's rights under the Fifth,[5] Eleventh,[6] and Fourteenth Amendments.[7] |
| Claim 2 | By denying Puranda shower shoes, Defendants violated Puranda's Eighth Amendment right to humane conditions. |
| Claim 3 | By denying Puranda medical care for his feet while at LCC, Defendants violated Puranda's Eighth Amendment right to adequate medical care. |

(*Id.* at 4.)  Puranda seeks $700,000 in damages and the resignations of both Kellett and Gosneg. (Compl. 6.) Defendants have moved to dismiss Puranda's claims on the ground that Puranda's complaint fails to state a claim under 42 U.S.C. § 1983 or, in the alternative, that Defendants, as employees of a private entity, are not subject to liability under § 1983.[8] (Defs.' Reply (Docket No. 56) 1–2.)

---

[4] Puranda was transferred from LCC to Sussex I State Prison ("Sussex I") on September 2, 2009, seventy days after he had originally been placed in segregation.  (Br. Supp. Compl. 1.)

[5] "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

[6] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[7] "No State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1.

[8] Because Puranda has failed to adequately allege any constitutional violation, it is unnecessary to address whether Defendants are subject to liability under 42 U.S.C. § 1983 as

## III. ANALYSIS

### A.    Claim 1:  Puranda's Fifth, Eleventh, and Fourteenth Amendment Claims

Puranda makes the assertion that, "[b]y the non-issuance of any form of protective footwear by [Defendants], [they have committed a] . . . 14th, 5th, and 11th (Cruel and Unusual Punishment and Due Process Rights) Violation." (Br. Supp. Compl. 3 (spacing corrected).)  Here, neither Puranda's complaint nor any of the other documents he has submitted implicate either a Fifth or Eleventh Amendment violation.  *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (1985).  Because Puranda's Fifth and Eleventh Amendment rights have not been implicated, much less violated, these claims will be dismissed.

Furthermore, "it is now well established that the Eighth Amendment 'serves as the primary source of substantive protection to convicted prisoners,' and the Due Process Clause affords a prisoner no greater *substantive* protection 'than does the Cruel and Unusual Punishments Clause.'" *Williams v. Benjamin,* 77 F.3d 756, 768 (4th Cir. 1996) (quoting *Whitley v. Albers,* 475 U.S. 312, 327 (1986)).  Thus, Puranda's substantive due process claims are subsumed within his claim that his Eighth Amendment rights were violated by the failure to issue shower shoes.  Accordingly, Puranda's independent Fourteenth Amendment claim for the denial of shower shoes will dismissed for the

---

persons acting under color of state law. *See generally Richardson v. McKnight*, 521 U.S. 399, 413 (1997) (declining to decide "whether [guards employed by a private prison management company] are liable under § 1983 even though they are employed by a private firm."); *Holly v. Scott*, 434 F.3d 287, 292 n.3 (4th Cir. 2006) (leaving open the question of "whether § 1983 imposes liability upon employees of a private prison facility under contract with a state.").

reasons set forth below in conjunction with Claim 2. For the foregoing reasons, Claim 1 will be dismissed with prejudice.

**B.    Puranda's Eighth Amendment Claims**

To make out an Eighth Amendment claim, an inmate must allege facts that indicate (1) that objectively the deprivation suffered or harm inflicted "was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Under the objective prong, the inmate must allege facts that suggest that the deprivation complained of amounted to more than the "'routine discomfort'" that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Strickler v. Waters*, 989 F.2d 1375, 1380 n.3 (4th Cir. 1993) (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). The subjective component requires a prisoner to allege that the prison official acted with "deliberate indifference" in disregarding a risk by showing that (1) an official knew the inmate faced a "substantial risk of serious harm" and (2) with such knowledge, disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).

**1.    Claim 2: Denial of Shower Shoes**

Puranda asserts that, by exposing him to "the contagious diseased showers" without shower shoes, Defendants denied him humane conditions of confinement in violation of the Eighth Amendment. (Br. Supp. Compl. 3 (punctuation corrected).) However, "[t]he Constitution 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently

7

grave to form the basis of an Eighth Amendment violation." *Draper v. Western Va. Regional Jail*, No. 7:09–cv–00189, 2009 WL 2232453, at *2 (W.D. Va. July 24, 2009) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981)). Shower shoes are not a basic human need.[9] Moreover, Puranda fails to allege facts that plausibly suggest Defendants were aware that the failure to promptly provide Puranda with shower shoes posed a substantial risk of serious harm to his person. *Id.* Accordingly, Puranda's Claim 2 will be dismissed with prejudice.

### 2.   Claim 3: Denial of Adequate Medical Care at LCC

Puranda claims that, by not responding to his sick-call request concerning the "water blisters and bloody cracked areas" on his feet prior to his transfer to Sussex I, Defendants denied him adequate medical care. (Br. Supp. Compl. 3 (spelling corrected).) The subjective prong of a deliberate indifference claim requires the plaintiff to allege facts that indicate a particular defendant actually knew of and disregarded a substantial risk of serious harm to his person. *See Farmer*, 511 U.S. at 837. "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."

---

[9] *Chambers v. Simonet*, No. 94-1566, 1995 WL 330903, at *1 (10th Cir. May 25, 1995) (holding that jail's refusal to issue shower shoes and a change of socks and underwear is not a violation of the Eighth Amendment); *Clarke v. Collins*, No. 92-7601, 1993 WL 391362, at *1–2 (5th Cir. Sept. 20, 1993) (holding a claim that deprivation of shower shoes caused exposure to disease in the shower, at best, alleged negligence against prison officials); *Draper*, 2009 WL 2232453, at *2 ("[S]hower shoes are not a basic human need and standing in a dirty shower stall with bare feet does not constitute cruel and unusual punishment."); *Brown v. Goodman*, No. 08-00694-KD–N, 2010 WL 2202515, at *6 (S. D. Ala. Apr. 19, 2010) ("[N]either the denial of shower shoes nor a bath towel constitutes the deprivation of a 'basic human need[].'" (second alteration in original) (quoting *Rhodes*, 452 U.S. at 347)). *But see Gonzalez v. Mullen*, No. 10-16311, 2011 WL 3099101, at *1 (9th Cir. July 26, 2011) (prisoner's allegations that his inability to obtain shower shoes put him at risk of exposure to serious bacteria were not frivolous and stated a claim under the Eighth Amendment).

*Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976)).

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. *Farmer* teaches "that general knowledge of facts creating a substantial risk of harm is not enough. The prison official must also draw the inference between those general facts and the specific risk of harm confronting the inmate." *Johnson*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837); *Rich v. Bruce*, 129 F.3d 336, 338 (4th Cir. 1997)). Thus, to survive a motion to dismiss, the deliberate indifference standard requires a plaintiff to assert facts sufficient to form an inference that "the official in question subjectively recognized a substantial risk of harm" and "that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Rich*, 129 F.3d at 340 n.2).

Puranda's claims of deliberate indifference are predicated upon a "medical sick-call" he filed prior to being transferred from LCC to Sussex I. (Br. Supp. Compl. 3.) Puranda, however, fails to allege facts that suggest "that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters,* 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer*, 511 U.S. at 837). Rather, Puranda simply alleges

that he "filed a medical sick-call at [LCC] prior to being transfered [sic] and it was never answered or any medical treatment applied to [Puranda's] medical issues." (Br. Supp. Compl. 3.) Puranda fails to state when he filed his sick-call request or to whom he gave it. Puranda fails to state any facts raising a reasonable inference that Defendants had even "general knowledge" of his condition much less that they "dr[e]w the inference between those general facts and the specific risk of harm confronting [him]." *Johnson*, 145 F.3d at 168 (citing *Farmer*, 511 U.S. at 837). Such scanty allegations are insufficient to support a plausible Eighth Amendment claim against Defendants. *See Williams v. Burgess*, No. 3:09cv00115, 2010 WL 1957105, at *3 (E.D. Va. May 13, 2010) ("The indulgence shown to *pro se* litigants does not relieve them of the obligation to provide each defendant with fair notice of the facts upon which his or her liability rests." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). Accordingly, Claim 3 will be dismissed with prejudice.

## IV. OUTSTANDING MOTIONS

On October 20, 2011, Puranda filed a Motion to Compel requesting that this Court order Defendants to produce an audio tape. (Mot. Compel 1.) On October 25, 2011, Defendants filed a Motion for a Protective Order requesting that the Court relieve them of the burden of complying with Puranda's discovery request. (Mot. Protective Order 1.) Because Puranda's claims will be dismissed, both Puranda's Motion to Compel and Defendant's Motion for a Protective Order will be denied as moot.

## V.  CONCLUSION

For the above stated reasons, Puranda's Claims will be dismissed with prejudice.

Defendant's Motion to Dismiss will be granted.  Both Puranda's Motion to Compel and

Defendant's Motion for a Protective Order will be denied as moot.  The action will be

dismissed.

An appropriate order will accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Dec 22, 2011
Richmond, Virginia

11